UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | 23cr10203 |
| | ) | |
| v. | ) | Violation: |
| | ) | |
| JOHN MICHAEL SACCO, | ) | Count One: Tax Evasion |
| | ) | (26 U.S.C. § 7201) |
| Defendant | ) | |

INFORMATION

At all times relevant to this Information:

General Allegations

1. The defendant, JOHN MICHAEL SACCO, operated JMS Contracting ("JMS"), a general contractor based in South Boston and Quincy, Massachusetts.

2. The Internal Revenue Service ("IRS") was an agency of the United States within the Department of the Treasury and was responsible for enforcing and administering the tax laws of the United States.

The Federal Tax Requirements

3. Individual taxpayers generally are required to report each year to the IRS their income and attendant tax obligations on a Form 1040, U.S. Individual Income Tax Return. The IRS uses Form 1040 to assess taxpayers' tax liability.

4. Because JMS was a sole proprietorship, its net income was taxable directly to SACCO. SACCO was required to report the gross receipts and expenses of JMS on IRS Schedule C, Profit or Loss from Business, as part of SACCO's Form 1040 tax return.

Income Tax Evasion

5. SACCO managed construction projects under the business name JMS.

6. SACCO hired subcontractors to perform electrical, plumbing, and other work on JMS's projects. SACCO entered no formal agreements with subcontractors and paid subcontractors in cash.

7. JMS's customers paid SACCO by check. During the tax years 2014 through 2021, JMS's gross receipts from customers were at least $9.4 million.

8. Rather than depositing JMS's gross receipts into one or more business bank accounts, SACCO concealed JMS's gross receipts by cashing most checks from customers, using proceeds to pay subcontractors and purchase supplies, and retaining remaining cash to pay personal expenses.

9. JMS was required to issue IRS Form 1099, Miscellaneous Income, to subcontractors that he paid and to file these Forms 1099 with the IRS. However, SACCO provided only certain subcontractors with Forms 1099 for payments he made to them, and SACCO filed no Forms 1099 with the IRS for payments to subcontractors during these tax years.

10. For tax years 2014, 2016, 2018, and 2019, SACCO retained a tax return preparer to complete his tax returns, including the Schedule C for JMS. These tax returns, which contained written declarations that they were made under the penalties of perjury, and which SACCO signed, reported falsified amounts of business income and expenses.

11. For each of the tax years 2015, 2017, 2020, and 2021, SACCO's income net of expenses was sufficiently great that he was required to file an income tax return. However, SACCO willfully filed no income tax return for any of these tax years.

12. By not reporting JMS's actual gross receipts on tax returns that he filed for certain tax years, and by filing no tax return reflecting JMS's gross receipts for the remaining tax years,

SACCO avoided reporting or paying over to the IRS the attendant tax due and owing of approximately $3,059,887 for these tax years.

13. The approximate unreported gross receipts, and the associated amounts of income tax that SACCO attempted to evade or defeat, are summarized in the following table:

|  | Unreported Gross Receipts | Additional Tax Due |
|---|---|---|
| 2014 | $568,417 | $232,880 |
| 2015 | $1,155,750 | $411,879 |
| 2016 | $747,350 | $261,481 |
| 2017 | $1,713,000 | $556,866 |
| 2018 | $1,315,600 | $447,962 |
| 2019 | $1,519,750 | $577,302 |
| 2020 | $1,481,425 | $433,129 |
| 2021 | $722,861 | $138,388 |
| Totals | $9,224,153 | $3,059,887 |

## COUNT ONE
## Tax Evasion
## (26 U.S.C. § 7201)

The United States Attorney charges:

14. The United States Attorney re-alleges and incorporates by reference paragraphs 1 through 13 of this Information.

15. During the calendar year 2021, in the District of Massachusetts and elsewhere, the defendant,

## JOHN MICHAEL SACCO,

willfully attempted in any manner to evade and defeat income tax due and owing by him to the United States of America for the calendar year 2020 by committing the following affirmative acts, among others: (1) cashing customer checks to conceal the nature, source, and disposition of the payments he received; (2) depositing a portion of the cashed checks into his personal bank account in amounts less than $10,000, in order to conceal the check-cashing activity; (3) using cash to pay for personal expenditures and to pay subcontractors.

All in violation of Title 26, United States Code, Section 7201.

JOSHUA S. LEVY
Acting United States Attorney

By: *[signature]*
DAVID M. HOLCOMB
Assistant U.S. Attorney

Date: July 27, 2023